[No. C040999. Third Dist. May 16, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSHUA LYNN HINDS, Defendant and Appellant.

## COUNSEL

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, John G. McLean and Netania E. Melamed Moore, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**NICHOLSON, J.**—After the preliminary hearing magistrate denied his motion to suppress evidence, defendant Joshua Lynn Hinds entered a negotiated plea of guilty to one count of cultivating marijuana in violation of Health and Safety Code section 11358. On appeal, defendant seeks review of the magistrate's ruling. We conclude that defendant has waived his right to appeal by failing to renew his suppression motion before the trial judge. We shall therefore affirm the judgment.

### BACKGROUND

On July 11, 2001, after a combined preliminary hearing and hearing on defendant's motion to suppress evidence, the magistrate denied defendant's motion to suppress evidence pursuant to Penal Code section 1538.5. Defendant was thereafter held to answer on the criminal complaint that was filed May 15, 2000.

On July 16, 2001, the District Attorney of Shasta County filed an information charging defendant in count 1 with conspiracy to commit one or more of the following crimes (Pen. Code, § 182, subd. (a)(1)), sale or transportation of marijuana (Health & Saf. Code, § 11360), possession of

marijuana for sale (Health & Saf. Code, § 11359), and cultivating marijuana (Health & Saf. Code, § 11358); in count 2 with sale or transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)); in count 3 with possession of marijuana for sale (Health & Saf. Code, § 11359); and in count 4 with cultivating marijuana (Health & Saf. Code, § 11358). It was also alleged as to counts 1, 3, and 4 that defendant was armed with a firearm. (Pen. Code, § 12022, subd. (a)(1).)

At no time after the filing of the information did defendant renew his motion to suppress that was denied by the magistrate. Instead, after several continuances in superior court, defendant entered a negotiated plea of guilty to count 4.

Defendant now seeks review of the magistrate's denial of his suppression motion.

## DISCUSSION

■ Defendant concedes he did not renew his motion to suppress in the superior court and acknowledges the general rule that a defendant must do so in order to preserve the issue of the legality of a search for appeal. (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896-897 [150 Cal.Rptr. 910, 587 P.2d 706].) Trial court unification has not altered this rule. (*People v. Hoffman* (2001) 88 Cal.App.4th 1, 2-3 [105 Cal.Rptr.2d 372]; *People v. Hart* (1999) 74 Cal.App.4th 479, 485-486 [86 Cal.Rptr.2d 762] (*Hart*).)[1] To the extent that *People v. Callahan* (1997) 54 Cal.App.4th 1419 [63 Cal.Rptr.2d 684], may hold otherwise, we decline to follow it. Thus, defendant failed to preserve the issue of the legality of the search for appeal.

■ However, defendant argues that trial counsel was constitutionally ineffective for failing to preserve the legality of the search as an issue to be considered on appeal. Thus, he argues, we must, nevertheless, consider the merits of his argument.

■ To prevail on a claim of ineffective assistance of counsel, defendant must establish his attorney's representation fell below professional standards of reasonableness and must affirmatively establish prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693]; *People v. Hart* (1999) 20 Cal.4th 546, 623-624 [85 Cal.Rptr.2d 132, 976 P.2d 683]; *People v. Fosselman* (1983) 33 Cal.3d 572, 584 [189

---

[1]As a result of court unification, both the magistrate who denied the suppression motion and the judge who accepted defendant's guilty plea and pronounced sentence sit as superior court judges in Shasta County.

Cal.Rptr. 855, 659 P.2d 1144].) If the defendant's showing is insufficient as to one component of this claim, we need not address the other. (*Strickland v. Washington, supra,* 466 U.S. at p. 697 [104 S.Ct. at pp. 2069-2070].)

■ A claim on appeal of ineffective assistance of counsel must be rejected " '[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.' " (*People v. Wilson* (1992) 3 Cal.4th 926, 936 [13 Cal.Rptr.2d 259, 838 P.2d 1212], citing *People v. Pope* (1979) 23 Cal.3d 412, 426 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) Unless the record affirmatively discloses that counsel had no tactical purpose for his act or omission, "the conviction will be affirmed and the defendant relegated to habeas corpus proceedings at which evidence dehors the record may be taken to determine the basis, if any, for counsel's conduct or omission." (*People v. Fosselman, supra,* 33 Cal.3d at pp. 581-582.)

■ Citing our decision in *Hart,* defendant argues we must necessarily consider the merits of his suppression motion on appeal in order to determine whether he received effective assistance of trial counsel. Relying on *Hart,* defendant presumes there can be no tactical reason not to renew the suppression motion and that, if counsel fails to preserve a potentially meritorious motion for review on appeal, trial counsel has failed to provide effective assistance of counsel.

In *Hart,* we concluded it was necessary to determine the legality of the search in order to determine whether counsel was constitutionally ineffective for failing to preserve the issue for appeal. (*Hart, supra,* 74 Cal.App.4th at pp. 486-487.) We stated that raising the issue of ineffective assistance of counsel effectively neutralized the *Lilienthal* waiver, requiring appellate review of the legality of the search. (*Id.* at p. 486.)

■ However, "[l]anguage used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered. (*McDowell & Craig v. City of Santa Fe Springs* (1960) 54 Cal.2d 33, 38 . . . [4 Cal.Rptr. 176, 351 P.2d 344] and cases there cited.)" (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].) The defendant in *Hart* did not enter into a negotiated or stipulated plea, but rather, proceeded through a jury trial after the denial of her suppression motion. (*Hart, supra,* 74 Cal.App.4th at pp. 483-484.) Hence, when deciding whether there could be a satisfactory reason for the failure of counsel to renew the suppression motion in the trial court, we considered what reasons, if any, counsel could have had under those circumstances.

■ Our determination in *Hart* that raising the issue of ineffective assistance of counsel neutralizes the waiver applies only where the defendant proceeds through a jury trial after the denial of his suppression motion. Under such circumstances, we saw no sound tactical reason for failing to pursue a meritorious motion which, had it been properly granted, would have suppressed most of the evidence against defendant and perhaps resulted in a dismissal of the charges. (See *Hart, supra,* 74 Cal.App.4th at pp. 486-487, 494 (dis. opn. of Hull, J.).)

Here, however, counsel was not given an opportunity to explain why the motion was not renewed, and a satisfactory explanation could exist. For instance, the availability of the plea bargain accepted by the defendant may have been dependent upon not further pursuing the suppression motion.

We are wary of adjudicating claims casting aspersions on counsel when counsel is not in a position to defend his conduct. A claim of ineffective assistance of counsel instead is more appropriately made in a habeas corpus proceeding. (*People v. Wilson, supra,* 3 Cal.4th at p. 936.) Accordingly, we reject defendant's claim on appeal and leave him to that remedy.

## DISPOSITION

The judgment is affirmed.

Davis, Acting P. J., and Hull, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 30, 2003. George, C. J., and Brown, J., did not participate therein.