Filed 4/24/15  P. v. Capps CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065527 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS270287) |
| ANNA K. CAPPS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

Sheila Quinlan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

BACKGROUND

At approximately 1:45 a.m. on February 7, 2014, Officer Sam Sellers stopped a car at an intersection in Coronado. Defendant and appellant Anna K. Capps was a passenger. Officer Sellers obtained identification, registration and insurance information from the driver. Defendant was unable to produce a driver's license. Officer Sellers asked for, and obtained, her full name and birth date.

Dispatch informed Officer Sellers that defendant could have a felony warrant for her arrest because she had several aliases. Defendant provided her aliases and social security number. Existence of a felony warrant was confirmed, and defendant was arrested. While defendant was in the back of the police car, Officer Sellers searched the passenger area of the car and found a purse on the floorboard. Inside the purse, he found a purple tin that contained a glass pipe and methamphetamine.

On February 11, 2014, the San Diego County District Attorney filed a felony complaint charging defendant with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and possession of narcotics paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)).

Defendant filed a motion to suppress evidence under Penal Code section 1538.5. After her preliminary examination and suppression motion hearing, defendant was bound over for further proceedings. On the same day, defendant pled guilty to the possession of methamphetamine charge (count 1), and the prosecution dismissed the paraphernalia charge (count 2). The court immediately sentenced defendant to three years' probation.

A timely notice of appeal was filed, but defendant failed to file a certificate of probable cause. Pursuant to a petition for writ of habeas corpus, the trial court granted defendant's request for a certificate of probable cause.

## DISCUSSION

On appeal, defendant contends the trial court erred in denying her motion to suppress because her detention was unduly prolonged and the search of the car was not a valid search incident to her arrest. The People respond that defendant may not assert these arguments because she did not renew the motion to suppress following being held to answer and the filing of an information. We agree with the People.

There is no distinction between this case and *People v. Richardson* (2007) 156 Cal.App.4th 574, 584-585. *Richardson* makes clear that "a defendant who has pled guilty before a magistrate following the magistrate's denial of his or her suppression motion *cannot* raise the search and seizure issue again in the superior court. Thus—unless an exception to the *Lilienthal* [*People v. Lilienthal* (1978) 22 Cal.3d 891] rule is recognized in cases involving a guilty plea under [Penal Code] section 859a—if a defendant who has lost a suppression motion before a magistrate wants to pursue appellate review of the search and seizure issue, he or she *cannot* plead guilty in front of the magistrate. Instead, he or she must proceed with the preliminary hearing (or waive his or her right to a preliminary hearing) and, after being held to answer, allow an information to be filed (or allow the complaint to be deemed an information). Then, he or she can either move to dismiss the information under [Penal Code] section 995 or renew his or her suppression motion before trial under subdivision (i) of [Penal Code] section 1538.5 and withhold his

3

or her guilty plea until after his or her motion is denied a second time by the superior court." (*Id*. at p. 593.) Without renewal of the motion to suppress, we have no record from which we can review the issues raised.

Defendant urges us to find her counsel was ineffective because counsel failed to file a renewed motion to suppress following the preliminary hearing, and before she pled guilty. "'In determining whether counsel's performance was deficient [under *Strickland v. Washington* (1984) 466 U.S. 668], a court must in general exercise deferential scrutiny . . .' and must 'view and assess the reasonableness of counsel's acts or omissions . . . under the circumstances as they stood at the time that counsel acted or failed to act.'" (*People v. Scott* (1997) 15 Cal.4th 1188, 1212.) On appeal, we will reverse a conviction only if the record affirmatively discloses that counsel had no rational tactical purpose for his act or omission. If the record contains no explanation for the challenged behavior, we will reject the claim unless counsel was asked for an explanation and failed to provide one or unless there can be no explanation. (*People v. Hart* (1999) 74 Cal.App.4th 479, 486.)

Defendant's argument that counsel was incompetent fails on multiple grounds. First, we note the prosecutor and defense counsel conferred after defendant was held to answer. Very soon thereafter, on the same day, defendant entered a plea of guilty and obtained a favorable sentence of probation for three years, dismissal of count 2 and credit for time served. As the People note, the availability of this plea offer, which was accepted, may have been dependent on not pursuing a further motion to suppress. (*People v. Hinds* (2003) 108 Cal.App.4th 897, 902.) Defendant has provided no record

4

from which we can conclude that there was no rational tactical purpose for counsel's act or omission.

In any event, we conclude any error in failing to renew the motion to suppress was harmless in that defendant was not prejudiced by the failure to renew the motion to suppress.

A warrant check is permissible during a traffic stop if it can be completed within the same period necessary to discharge the duties incurred by virtue of the traffic stop. (*People v. Brown* (1998) 62 Cal.App.4th 493, 498.)  Here, Officer Sellers ran the names of defendant and the driver within minutes of stopping the car.  The stop was then prolonged because police dispatch indicated there was a possible felony warrant for defendant's arrest.  It was not unreasonable for Officer Sellers to then focus on confirming whether a felony warrant existed, which it did, and defendant was arrested.

With respect to the search of defendant's purse, we note that although defendant was handcuffed, the driver of the vehicle, who was not restrained, had access to it once he reentered the vehicle and, indeed, remained in and near the vehicle during defendant's arrest.  Given the time of night, the lack of restraint of the driver, and defendant's felony arrest warrant, we conclude a search of the purse for weapons was reasonable.  (*Michigan v. Long* (1983) 463 U.S. 1032, 1049; *Arizona v. Gant* (2009) 556 U.S. 332, 346-347.)

DISPOSITION

The judgment is affirmed.


BENKE, Acting P. J.

WE CONCUR:


HALLER, J.


O'ROURKE, J.