Filed 3/17/23  P. v. Togiai CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>PETER TOGIAI,<br><br>　　　Defendant and Appellant. | A161507<br><br>(San Francisco County<br>Super. Ct. No. SCN232060) |

Peter Togiai (appellant) appeals his conviction, following a jury trial, for attempted second degree robbery (Pen. Code, §§ 211, 664).[1]  He raises a number of challenges, including that his trial counsel was constitutionally ineffective in failing to renew a motion to suppress.  We agree with this ineffective assistance of counsel claim and reverse.

BACKGROUND

Before the preliminary hearing, appellant filed a motion to suppress all evidence collected as a result of his detention and arrest.  After hearing

---

[1] All undesignated section references are to the Penal Code.

evidence on the motion to suppress at the preliminary hearing, the court denied the motion.

Appellant was charged by amended information with attempted carjacking (§§ 215, subd. (a), 664) and second degree robbery (§ 211). Appellant's first trial ended in a mistrial after the jury deadlocked on both counts. Prior to the second trial, the robbery charge was reduced to attempted robbery. At the second trial, the jury found appellant guilty of attempted robbery but deadlocked on the attempted carjacking count, which the prosecution then dismissed.

The facts underlying the conviction are not relevant to this appeal except that, as the People do not dispute, the evidence challenged by the motion to suppress was significant in linking appellant to the crime.

## DISCUSSION

Appellant argues the trial court erred in denying his motion to suppress at the preliminary hearing because the prosecution failed to provide nonhearsay evidence establishing probable cause for a warrantless vehicle stop that led to his arrest, in violation of the *Harvey-Madden* rule (*People v. Harvey* (1958) 156 Cal.App.2d 516 (*Harvey*); *People v. Madden* (1970) 2 Cal.3d 1017 (*Madden*)).[2] The People concede that the denial of the motion to suppress at the preliminary hearing was in error based on the evidence presented, but contend the challenge is forfeited because appellant failed to renew the motion to suppress before trial.

---

[2] " '[W]hile it may be perfectly reasonable for officers in the field to make arrests on the basis of information furnished to them by other officers, "when it comes to justifying the total police activity in a court, the People must prove that the source of the information is something other than the imagination of an officer who does not become a witness." ' " (*Madden, supra,* 2 Cal.3d at p. 1021.)

Appellant disputes the forfeiture, but argues in the alternative that if the challenge is forfeited, his trial counsel was constitutionally ineffective in failing to renew the motion. Appellant argues the failure was prejudicial because evidence on the renewed motion would have been statutorily limited to the preliminary hearing transcript and evidence that could not reasonably have been presented at the preliminary hearing motion to suppress (see § 1538.5, subd. (i)). The People argue the prosecutor reasonably understood that appellant's motion to suppress did not raise a *Harvey-Madden* challenge as to the vehicle stop, but instead raised it only as to other challenged searches and seizures; nonhearsay evidence justifying the vehicle stop therefore could not reasonably have been presented at the preliminary hearing motion to suppress and so could have been presented on a renewed motion; and, because the record is silent as to whether new evidence could have satisfied *Harvey-Madden,* appellant cannot establish ineffective assistance of counsel. The People concede, however, that if additional evidence would have been precluded at a hearing on a renewed motion, the renewed motion would have been successful. The People further concede, as noted above, that if the evidence resulting from appellant's arrest had been suppressed, it is reasonably probable appellant would have had a more favorable outcome at trial.

I.    *Additional Background*

Appellant's written suppression motion stated appellant was arrested after police pulled over a suspect in an unrelated robbery investigation and detained appellant, who was in the passenger seat of the vehicle. Police searched appellant's bag, found a firearm, and arrested appellant without a warrant. The motion identified the searches and seizures being challenged as "1) The traffic stop; [¶] 2) The detention; [¶] 3) The search of the bag; [¶] 4)

3

The arrest." Appellant's motion objected generally "to the introduction of any evidence which violates the principles of *Harvey/Madden* and progeny." The prosecutor's written opposition argued, with respect to the stop of the vehicle, solely that appellant lacked standing to challenge the stop.[3] The opposition argued the prosecution could "easily satisfy [appellant's] *Harvey-Madden* objection because the officers involved in the investigation are available to testify."

At the evidentiary hearing, Sergeants Matthew Sullivan and Patrick Griffin testified that they were conducting surveillance of a man named James Brown in order to arrest him. The officers did not have a warrant for Brown's arrest. Sullivan testified another officer told them—based on information received from yet another officer—that Brown was a suspect in an unrelated robbery investigation. Defense counsel objected to these questions on hearsay and "Harvey-Madden" grounds. The prosecutor represented the testimony was for "the effect on this officer" and the court allowed it "not ... for the truth of the matter, just to explain what the officer is doing."

When Sullivan and Griffin pulled over Brown's vehicle to arrest him, appellant was in the passenger seat. Sullivan asked appellant to "sit tight" while Brown was removed from the vehicle, then told appellant to step out of the vehicle. Appellant was wearing a bag that Sullivan had reason to believe possibly held a firearm and, when Sullivan conducted a pat search of the bag, he could feel a firearm inside. Sullivan took appellant into custody for unlawfully possessing a firearm.

---

[3] We omit background facts with respect to the other challenged searches and seizures.

4

Following the presentation of evidence, defense counsel argued appellant had standing to challenge the stop of Brown's vehicle and the prosecution had not established probable cause for the stop. The prosecutor argued, "There was probable cause to arrest Mr. Brown. Trying to assert and undercut the probable cause for Mr. Brown's arrest is asserting the Fourth Amendment rights of another party. … [¶] … [S]o that's why the People have argued there isn't standing at all." Later during arguments, the court characterized the issue as, "if [defense counsel] is correct that a defendant has standing to challenge the stop of the vehicle, then have the People presented sufficient evidence … for the probable cause through the testimony of Sergeant Sullivan? Because none of that came in for the truth of the matter asserted." The prosecutor responded, "Right. And so that's why my argument is that, by making this argument, the defense is trying to assert the Fourth Amendment rights of Mr. Brown…."

When arguments continued the following day, the prosecutor reiterated her position that appellant lacked standing to challenge the stop of Brown's vehicle, then added, "The problem for the People, though, is a notice issue as far as the motion to suppress as well. Given that the defense is arguing that we haven't presented sufficient evidence of a probable cause for Brown, none of this was noticed in the defense papers. [¶] So those would require the People to bring in additional witnesses …." The prosecutor continued, "If the defense thinks that there needed to be more witnesses, if the Court thinks there needed to be more witnesses for the People, I can bring those parties in."

The court found appellant lacked standing to challenge the stop of Brown's vehicle and, even if appellant had standing, the prosecution

established probable cause.  The court rejected appellant's other arguments and denied the motion to suppress.

II.     *Forfeiture*

As noted above, the People concede the trial court's ruling on the motion to suppress was in error based on the evidence presented at the hearing.[4]  However, the People argue that under *People v. Lilienthal* (1978) 22 Cal.3d 891 (*Lilienthal*), appellant forfeited any challenge to the trial court's ruling by failing to renew the motion to suppress after the preliminary hearing.  Appellant argues *Lilienthal* is no longer good law or, in the alternative, any forfeiture should be excused.  We find the challenge forfeited.

A.     *Lilienthal*

"A defendant can obtain appellate review of a search and seizure issue only if 'at some stage of the proceedings prior to conviction he or she has moved for the return of property or the suppression of the evidence.' (§ 1538.5[, subd.] (m).)  In *Lilienthal,* a majority of our Supreme Court concluded this condition was not satisfied simply because the defendant moved to suppress evidence at the preliminary examination, even though the preliminary examination might otherwise appear to be 'some stage of the proceedings prior to conviction.' " (*People v. Richardson* (2007)

_____

[4] As the People properly concede, appellant had standing to challenge the stop of Brown's vehicle (*Brendlin v. California* (2007) 551 U.S. 249, 259 ["a passenger may bring a Fourth Amendment challenge to the legality of a traffic stop"]), and the evidence presented at the hearing did not establish probable cause that Brown committed the unrelated robbery (*People v. Johnson* (1987) 189 Cal.App.3d 1315, 1319 [" ' "[I]f the detaining officer himself does not have personal knowledge of facts justifying the detention, but acts solely on the basis of information or direction given him through police channels, the prosecution must establish in court … evidence showing that the officer who originally furnished the information had probable cause to believe that the suspect had committed a felony…." ' "]).

156 Cal.App.4th 574, 582–583 (*Richardson*).) Instead, to obtain appellate review, the issue must "be raised in the superior court either by way of a renewed motion to suppress under subdivision (i) of section 1538.5 or by way of a motion to set aside the information under section 995." (*Richardson,* at p. 583.)

Appellant argues *Lilienthal* issued before municipal courts and superior courts were unified, and following unification the case is not or should not be good law. (See *Richardson, supra,* 156 Cal.App.4th at p. 586 ["Because preliminary examinations were traditionally conducted by municipal court judges sitting as magistrates, the elimination of the municipal court raised the idea that the basis for the *Lilienthal* rule had disappeared along with the municipal court."].) The claim has been squarely rejected: "[T]he consensus is that the *Lilienthal* rule continues to apply even in the wake of trial court unification because that rule never rested on the distinction between the municipal court and the superior court; rather, it rests on the distinction between magistrates and superior court judges—a distinction that remains valid even following unification." (*Richardson,* at p. 589; see also *id.* at pp. 586–588 [discussing cases].) We agree with and follow these cases.

Appellant's reliance on *People v. Superior Court (Jiminez)* (2002) 28 Cal.4th 798 is unavailing. In that case, the Supreme Court construed a statute authorizing the prosecution to relitigate, under certain circumstances, a granted motion to suppress provided it be " 'heard by the same judge who granted the motion.' " (*Id.* at p. 805 [quoting § 1538.5, subd. (p)].) The court held magistrates were "judges" for purposes of this provision: all magistrates are judges, and the legislative purpose of the statute applies equally to magistrates as to other judges. (*Id.* at p. 809.)

7

Although the Supreme Court quoted with approval a Court of Appeal case stating section 1538.5, subdivision (j) " 'indicates judges and magistrates are to be viewed identically' " (*Jiminez,* at p. 809), another part of the opinion emphasized the general rule of superior court review of magistrate actions. (*Id.* at p. 804 [trial court unification did not "change the previous procedures whereby the superior court reviews a magistrate's actions"]; see also *People v. Henson* (2022) 13 Cal.5th 574, 593 ["both before and after court unification, the magistrate did not preside as the judge of any court, and ... did not exercise trial jurisdiction"].)

### B. *Futility*

Appellant alternatively contends forfeiture should be excused because a renewed motion would have been futile. He points to an exchange before his second trial in which the trial court, during a discussion about prior motions, stated, "Because this is a new trial, as I see it, any previous trial motions may have to be relitigated. I don't know that they are the law of the case. The way the preliminary hearing motion to suppress would be the law of the case. Any comments on what I just said?" Defense counsel did not dispute the court's characterization of the preliminary hearing suppression motion ruling as "law of the case."[5]

" 'Reviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile....' " (*People*

---

[5] " ' "The doctrine of 'law of the case' deals with the *effect of the first appellate decision on the subsequent retrial or appeal*: The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." ' " (*Aghaian v. Minassian* (2021) 64 Cal.App.5th 603, 612.) We agree with appellant that the court's reference to law of the case indicated its understanding that the prior ruling on the motion to suppress was binding.

8

*v. Gomez* (2018) 6 Cal.5th 243, 286–287.)  Here, the trial court offered its preliminary thoughts and invited counsel's "comments."  The court was clearly inviting argument and therefore signaling the tentative nature of its statements; indeed, the prosecutor argued pretrial motions from the first trial should not be relitigated before the second trial.  The court's comments did not indicate a defense objection would have been futile.  Moreover, appellant points to no similar statement prior to his first trial, presided over by a different bench officer.  Appellant's authority is distinguishable.  (*People v. Johnson* (2018) 21 Cal.App.5th 1026, 1031, fn. 5 [defendant pled guilty and "trial court assured [the defendant] before he entered his plea that he would be able to appeal the ruling on the suppression motion"]; *People v. Hansel* (1992) 1 Cal.4th 1211, 1215–1216 & fn. 4 [prosecution's failure to make offer of proof excused because, when prosecution attempted to recall a witness at a renewed motion to suppress, trial court ruled the witness could be recalled only if the defendants presented new evidence, rendering any offer of proof futile]; *People v. Hamilton* (1989) 48 Cal.3d 1142, 1184, fn. 27 [forfeiture excused because trial court "made clear" its opinion such that "an objection by defense counsel would almost certainly have been overruled"]; *People v. Boyer* (1989) 48 Cal.3d 247, 271, fn. 13, disapproved of on another ground by *People v. Stansbury* (1995) 9 Cal.4th 824, 830, fn. 1 [defense counsel's failure to renew pretrial motion to exclude evidence when evidence was offered at trial was excused because basis for the pretrial ruling made clear that "any renewed objection would have been entirely futile"].)

III.    *Ineffective Assistance of Counsel*

Appellant next argues that, if his challenge to the motion to suppress is forfeited, his trial counsel was prejudicially ineffective for failing to renew the motion to suppress before trial.

" 'To establish a violation of the constitutional right to effective assistance of counsel, a defendant must show both that his counsel's performance was deficient when measured against the standard of a reasonably competent attorney and that counsel's deficient performance resulted in prejudice to defendant in the sense that it "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." [Citation.] ... If the record contains no explanation for the challenged behavior, an appellate court will reject the claim of ineffective assistance "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." ' " (*People v. Hart* (1999) 74 Cal.App.4th 479, 486.) There could be "no sound tactical reason for failing to pursue a meritorious motion which, had it been properly granted, would have suppressed most of the evidence against defendant and perhaps resulted in a dismissal of the charges." (*People v. Hinds* (2003) 108 Cal.App.4th 897, 902.)

To establish prejudice "[w]here a defendant claims ineffective assistance based on counsel's failure to litigate a Fourth Amendment claim," a defendant must " 'prove that [the] Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.' " (*People v. Caro* (2019) 7 Cal.5th 463, 488.) If the record is silent as to whether the Fourth Amendment claim would have been successful, prejudice cannot be established. (*Id.* at p. 489 [because "the record is inconclusive" as to the legality of the search, the defendant "has not carried her burden to 'establish that [her] Fourth Amendment claim ha[d] merit' "].)

The record contains no explanation for defense counsel's failure to renew the motion to suppress before trial. However, as noted above, it is

10

undisputed that, had appellant prevailed on a renewed motion to suppress, it is reasonably probable the outcome of the trial would have been more favorable to him. Accordingly, if a renewed suppression motion would have been granted, counsel could have no tactical reason for failing to make it and, further, prejudice will be established.

We thus turn to whether a renewed suppression motion would have been successful. The People concede the evidence presented at the preliminary hearing suppression motion failed to establish nonhearsay probable cause for the stop of Brown's car. However, the record does not indicate whether this nonhearsay probable cause could have been established had the prosecution presented additional witnesses. Therefore, whether a renewed suppression motion would have been successful hinges on whether the prosecutor would have been able to call new witnesses at a hearing on the renewed suppression motion.

This issue is governed by section 1538.5, subdivision (i), which provides, as relevant here, "If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, ... the defendant shall have the right to renew or make the motion at a special hearing relating to the validity of the search or seizure .... [I]f the offense was initiated by complaint and no motion was made at the preliminary hearing, the defendant shall have the right to fully litigate the validity of a search or seizure on the basis of the evidence presented at a special hearing. If the motion was made at the preliminary hearing, unless otherwise agreed to by all parties, *evidence presented at the special hearing shall be limited to the transcript of the preliminary hearing and to evidence that could not reasonably have been presented at the*

11

*preliminary hearing*, except that the people may recall witnesses who testified at the preliminary hearing." (Italics added.)

The question is therefore whether nonhearsay evidence supporting probable cause to stop Brown's vehicle "could not reasonably have been presented at the preliminary hearing." The People argue it could not have been because the prosecutor "reasonably believed at the preliminary hearing" that appellant's *Harvey-Madden* challenge was not being made as to the vehicle stop, such that evidence responding to such a challenge was "irrelevant."

As an initial matter, we query the People's construction of the statutory phrase. "[C]ould not reasonably have been presented" appears, on its face, to relate to the *availability* of witnesses or other evidence. (*People v. Bennett* (1998) 68 Cal.App.4th 396, 406 (*Bennett*) ["If the prosecution is willing to submit on the preliminary hearing transcript, and there is no evidence *which was unavailable at that hearing*, the trial court is obliged to base its ruling on the contents of that document alone." (Italics added)]; see also Sen. Com. on Judiciary, Rep. on Assem. Bill No. 2328 (1985–1986 Reg. Sess.), p. 4, italics added [amendment adding provision "would preclude the defense from receiving two hearings *unless new evidence existed*"].)[6] Thus, a reasonable interpretation of section 1538.5, subdivision (i), would appear to mean the evidence was unavailable despite reasonable efforts.[7] In any event, we need

---

[6] The provision was added " '[t]o eliminate the "duplicat[ive] litigation of issues and repeat testimony ..." ' that characterized the procedures governing suppression motions in the superior court before" the amendment, when renewed suppression motions were conducted de novo. (*Bennett, supra,* 68 Cal.App.4th at pp. 404–405; see also *People v. Ramsey* (1988) 203 Cal.App.3d 671, 677–678.)

[7] We note that if a defendant failed to advance a theory at the preliminary hearing motion to suppress, the defendant would be precluded

not decide the issue because, even under the People's construction of the statute, any actual belief of the prosecutor that appellant was not raising the argument here would not be reasonable.

The People argue the prosecutor held such a reasonable belief because appellant failed to provide notice he was raising the challenge. "[W]hen defendants move to suppress evidence, they must set forth the factual and legal bases for the motion, but they satisfy that obligation, at least in the first instance, by making a prima facie showing that the police acted without a warrant. The prosecution then has the burden of proving some justification for the warrantless search or seizure, after which, defendants can respond by pointing out any inadequacies in that justification. [Citation.] Defendants who do not give the prosecution sufficient notice of these inadequacies cannot raise the issue on appeal." (*People v. Williams* (1999) 20 Cal.4th 119, 136 (*Williams*).)

"[O]nce the prosecution has offered a justification for a warrantless search or seizure, defendants must present any arguments as to why that justification is inadequate. [Citation.] ... [I]f defendants detect a critical gap in the prosecution's proof or a flaw in its legal analysis, they must object on that basis to admission of the evidence or risk forfeiting the issue on appeal." (*Williams, supra,* 20 Cal.4th at p. 130.) "[I]n specifying the inadequacy of the prosecution's justifications, defendants do not have to help the prosecution

_____

from advancing that theory at a renewed motion, such that the prosecutor's failure to present available evidence relevant to that theory at the preliminary hearing motion would not be prejudicial. (See *Bennett, supra,* 68 Cal.App.4th at p. 407 ["[A] defendant who has sought the suppression of evidence at his or her preliminary hearing, who then seeks to renew that motion in the superior court, is not entitled to advance theories at the second hearing that were not raised and litigated during the first."].)

13

step-by-step to make its case. The degree of specificity that is appropriate will depend on the legal issue the defendant is raising and the surrounding circumstances. Defendants need only be specific enough to give the prosecution and the court reasonable notice. Defendants cannot, however, lay a trap for the prosecution by remaining completely silent until the appeal about issues the prosecution may have overlooked." (*Id.* at pp. 130–131.)

Appellant provided adequate notice.[8] In counsel's declaration in support of appellant's motion to suppress, "[t]he traffic stop" was identified as one of the challenged searches and seizures. The prosecution's written opposition makes clear that it understood the stop was being challenged, but the opposition relied solely on the argument that appellant lacked standing to challenge it. Appellant also provided notice that he was challenging hearsay evidence as the basis for establishing probable cause for the stop: in addition to the general *Harvey-Madden* objection in his written motion, he raised hearsay objections and explicitly stated "*Harvey-Madden*" as a basis for the objection when evidence about the Brown investigation was presented at the hearing. This amply satisfies *Williams*'s requirement that, "if defendants detect a critical gap in the prosecution's proof … , they must object on that basis to admission of the evidence…." (*Williams, supra,* 20 Cal.4th at p. 130.)

We note further that, assuming the prosecutor actually believed appellant was not challenging the vehicle stop on *Harvey-Madden* grounds, on this record such an actual belief would not be reasonable. First, as discussed *ante*, appellant provided clear notice that he was raising this challenge. Second, defense counsel raised "hearsay" and "*Harvey-Madden*"

---

[8] Because we find appellant provided notice, we reject the People's contention that appellant's *Harvey-Madden* challenge to the vehicle stop is forfeited for this additional reason.

objections to testimony during the hearing about the Brown investigation. Finally, the trial court framed the issue as whether, if appellant had standing to challenge the stop, the prosecution established probable cause since none of the evidence about probable cause to arrest Brown was admitted for the truth. In response to the court's characterization of the issue, instead of seeking to reopen evidence to fill this evidentiary gap, the prosecutor simply doubled down on her reliance on appellant's lack of standing. (Cf. *Williams, supra,* 20 Cal.4th at p. 134 ["The trial court's discussion of that issue gave the prosecution sufficient notice of at least that possible basis for the motion to suppress, and the prosecution could have sought leave to offer additional evidence at that point."].) Thus, even if the prosecutor actually misunderstood appellant's argument, such a misunderstanding would not have been reasonable.

"Ideally, *every* suppression motion should be accompanied by a complete record that clearly reveals the circumstances of the case and makes the validity of the officers' actions easy to discern. But the fact of the matter is, even when the record made during the preliminary hearing is 'sparse,' the trial court has no authority to carve out exceptions to the controlling statute." (*Bennett, supra,* 68 Cal.App.4th at p. 406; see also *id.* at p. 405 ["The trial court has no statutory or inherent authority to enlarge the scope of the hearing on its own motion."].) We conclude the People could not have called new witnesses on a renewed motion to suppress. The People concede that, without the ability to call new witnesses, a renewed motion would have properly been granted and it is reasonably probable the outcome of the trial would have been more favorable to appellant. For this reason, there is no reasonable tactical explanation for trial counsel's failure to renew the motion

and appellant has established prejudice.  We will reverse appellant's conviction.[9]

## DISPOSITION

The judgment is reversed and remanded for further proceedings not inconsistent with this opinion.

_____

[9] Because of this conclusion, we need not and do not decide appellant's separate claims of *Miranda* violation and juror bias.  In a separate petition for writ of habeas corpus, case No. A166059, appellant raises his ineffective assistance of counsel claim.  We have denied that petition as moot by separate order filed this date.

_____
SIMONS, Acting P. J.

We concur.


_____
BURNS, J.


_____
LANGHORNE, J.*


(A161507)


_____
\* Judge of the Napa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.