[No. G026965. Fourth Dist., Div. Three. Mar. 28, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL SHANE HOFFMAN, Defendant and Appellant.

**COUNSEL**

Thomas F. Goodman for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Rhonda L. Cartwright-Ladendorf, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**ARONSON, J.**\*—Michael Shane Hoffman was charged by information with transporting and possessing methamphetamine after his motion to suppress evidence was denied by the preliminary hearing magistrate. Hoffman eventually pleaded guilty to the charges in exchange for three years of formal probation. He now seeks review of the magistrate's ruling. We conclude, however, Hoffman has waived his right to appeal by failing to renew his suppression motion before the trial judge. We therefore affirm the judgment.

---

\*Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

In *People v. Lilienthal* (1978) 22 Cal.3d 891 [150 Cal.Rptr. 910, 587 P.2d 706], our Supreme Court held that a defendant must seek review of the magistrate's suppression ruling in superior court "to preserve the point for review on appeal, for it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention. [Fn. omitted.]" (*Id.* at p. 896.) Hoffman argues the *Lilienthal* holding is no longer applicable because of the recent unification of municipal and superior courts in Orange County. As a result, former municipal court judges became judges of the superior court, and although much of the work remains the same, the title of the judge has changed. Thus, according to Hoffman, *Lilienthal* does not foreclose his appeal because the suppression ruling he attacks was made by a superior court judge.

The identical issue was addressed in *People v. Hart* (1999) 74 Cal.App.4th 479 [86 Cal.Rptr.2d 762]. There the Court of Appeal continued to apply *Lilienthal*, finding significance in the distinct roles assigned to the preliminary hearing magistrate and the trial court. (*Id.* at pp. 483-484.) We agree with the result reached in *Hart*, but for a different reason: the constitutional amendment creating a unified court system specifically provided for trial court review of preliminary hearing suppression motions.

Article VI, section 23, subdivision (c) of the California Constitution states, "Except as provided by statute to the contrary, in any county in which the superior and municipal courts become unified, the following shall occur automatically in each preexisting superior and municipal court: [¶] . . . [¶] (7) Penal Code procedures that necessitate superior court review of, or action based on, a ruling or order by a municipal court judge shall be performed by a superior court judge other than the judge who originally made the ruling or order." According to the California Law Revision Commission, the inclusion of this provision (Cal. Const., art. VI, § 23, subd. (c)(7)) was necessary to "preserve[] single judge review of preliminary criminal matters under Penal Code Sections 995 (setting aside indictment or information) and 1538.5 (motion to suppress)." (Trial Court Unification: Constitutional Revision (SCA 3) (Jan. 1994) 24 Cal. Law Revision Com. Rep. (1994) pp. 1, 83.)

Accordingly, court unification did not affect the *Lilienthal* mandate: the defendant must renew the suppression motion before the trial court to preserve the issue for appeal. Since Hoffman failed to do so, we find the issue has been waived.

The judgment is affirmed.

Rylaarsdam, Acting P. J., and Moore, J., concurred.