[No. D043758. Fourth Dist., Div. One. Mar. 4, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
ROCIO GARRIDO, Defendant and Appellant.

360

**COUNSEL**

Carmela F. Simoncini, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, James D. Dutton and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HUFFMAN, J.—** ██ This case presents the question of whether a person may plead guilty after denial of her motion to suppress evidence (Pen. Code,[1] § 1538.5), by a magistrate prior to the preliminary hearing and thereafter seek appellate review of the denial of the suppression motion. We hold she may not do so unless the motion has been renewed in the superior court where the court is not acting as a magistrate.

Following a denial of a motion to suppress evidence, Rocio Garrido (Garrido) pleaded guilty to furnishing a controlled substance to a person in custody. The court suspended imposition of sentence and placed her on three-years' probation conditioned on drug treatment. Garrido appeals, contending the court erred in denying her motion to quash the search warrant. Specifically, Garrido claims (1) her failure to renew the suppression motion in superior court did not render its denial nonappealable in an appellate court, (2) the affidavit underlying the search warrant did not provide probable cause and the search warrant itself was overbroad, and (3) in the alternative, the search itself was unreasonable. Because we conclude denial of the suppression motion is not appealable, we decline to address the search and seizure issues raised by Garrido.

## FACTS OF THE OFFENSE

Due to the limited scope of the issues presented by this appeal, we will briefly summarize the facts of the underlying offense as presented in the suppression motion in order to provide context for the discussion which follows.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

On the morning of May 28, 2003, Officer Rosas (Rosas) of the California Department of Corrections at Centinela State Prison reviewed an inmate-monitored telephone call made the prior evening by inmate Rudy Garrido (Rudy) to his wife, the appellant. Throughout the conversation, Rudy and Garrido made references to the receipt of money, the prospect of Garrido bringing "that marvin," and "how cheap marvin is." Due to the content of the discussion, Rudy and Garrido's use of the word "marvin" as a code word, and the fact that they spoke prominently in English and reverted to Spanish when making reference to the subject of "marvin," Rosas came to suspect that the couple was conspiring to smuggle narcotics into Centinela State Prison. Based on Rosas's prior experience and training, he knew that it is common for visitors who are transporting narcotics to corrections facilities to conceal the drugs in a body cavity until they are able to pass them off to an inmate in one fashion or another.

After reviewing other related inmate-monitored telephone calls, on May 30, 2003, Rosas sought and received a search warrant for the person and personal property of Garrido, which included a body cavity search. Upon her arrival at Centinela State Prison on the morning of June 7, 2003, Garrido was approached by a corrections official and brought into the administration building for questioning, which was followed by a visual body cavity search. Due to Garrido's small frame, the examination could not be completed and she was taken to the El Centro Regional Medical Center to complete the search. A pelvic examination revealed the presence of a latex balloon containing two more balloons, each of which in turn contained heroin. Garrido was charged with conspiracy to bring drugs into a prison (§§ 182, subd. (a)(1), 4573), with bringing drugs into a prison (§ 4573), and selling or furnishing a controlled substance to a person in custody (§ 4573.9).

## PROCEDURAL HISTORY

The day of the scheduled pre-preliminary hearing conference, Garrido unsuccessfully moved to suppress evidence. When that motion was denied, defense counsel informed the court that he wished to discuss a plea agreement that had been offered by the district attorney's office rather than proceed with setting a preliminary hearing date. Later that same day, Garrido pleaded guilty to furnishing a controlled substance to a person in custody.

During the change of plea hearing, the following occurred between Deputy District Attorney Eric Baker (Baker) and John Breeze, Garrido's defense counsel:

"Mr. Baker: . . . Can I bring up just one small point?

"The Court: Certainly.

"Mr. Baker: As to [Garrido], Count 3, this was a disposition negotiated by Mr. Kowalski, and I did inherit this file late. Based on the facts stipulated to, I'd ask that—I'd ask for a waiver of appeal on Count 3 as to this plea, if counsel will give otherwise just a general stipulated factual basis. I'm a little concerned that the charge—

"Mr. Breeze: I think we gave you a stipulated factual basis, did we not?

"Mr. Baker: Maybe it was generally stipulated.

"Mr. Breeze: We stipulated that it was a controlled substance that was removed from the vaginal cavity and that the court can consider the evidence presented at the suppression motion.

"Mr. Baker: In this case it's a sell or furnish to an inmate, and I'm concerned that the limited facts of the hearing may not adequately cover the facts and may become an issue. I'd ask for a waiver of appeal.

"Mr. Breeze: Well, I'm willing to stipulate that she had a visit planned on June 7th with her husband, Mr. Garrido, who was an inmate at the Centinela State Prison.

"Mr. Baker: And went in to furnish him drugs.

"Mr. Breeze: Yes, that's the element of the crime.

"The Court: All right. Then we have a record as to that."

At that point the colloquy ended. On the change of plea form, the numeral 11 has been crossed out and the corresponding sentence, "I understand that I have the right to appeal any adverse decision and I give up that right" has a line through most of it. At the conclusion of the proceeding, the court certified the case to the superior court and set a date for sentencing.

At the sentencing hearing, Garrido waived formal arraignment and stipulated that there was no legal cause why sentence should not be imposed. The court then suspended the imposition of sentence and the proceeding concluded. Garrido did not renew the motion to suppress evidence in the superior court.

## DISCUSSION

A. *The Motion to Suppress Evidence Was Not Made in Superior Court*

■ Garrido contends her right to appeal the denial of her motion to suppress evidence was not rendered nonappealable by failing to raise the

issue in superior court. Garrido acknowledges that where the defendant moves to suppress evidence at the preliminary hearing, he or she must again raise the issue of the validity of a search in superior court in order to preserve the issue for appeal. (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896–897 [150 Cal.Rptr. 910, 587 P.2d 706] (*Lilienthal*).) However, she argues that, applying *Lilienthal*, we must determine under current law whether the motion procedure applied in this case satisfies the requirement that "at some stage of the proceedings prior to conviction [the defendant must move] for the return of property or the suppression of the evidence." (§ 1538.5, subd. (m).) Under *Lilienthal*, the phrase "at some stage of the proceedings" means the proceedings in the superior court. (*Lilienthal, supra,* 22 Cal.3d at p. 896.)

■ The unification of the municipal and superior courts has not abrogated the need for a renewal of a motion to suppress evidence following certification of a case to the superior court. (*People v. Hinds* (2003) 108 Cal.App.4th 897, 900 [134 Cal.Rptr.2d 196]; *People v. Hoffman* (2001) 88 Cal.App.4th 1, 2–3 [105 Cal.Rptr.2d 372]; *People v. Hart* (1999) 74 Cal.App.4th 479, 485–486 [86 Cal.Rptr.2d 762] (*Hart*).) *Lilienthal* continues to apply postunification because the California Constitution, article VI, section 23, subdivision (c), which created the unified court system, specifically provides for superior court review of preliminary hearing suppression motions. (*Hoffman, supra,* 88 Cal.App.4th at p. 3.) The rationale for continuing to apply *Lilienthal* after unification is based on the distinct roles assigned to the magistrate and the superior court. (*Hart, supra,* 74 Cal.App.4th at p. 485.)

■ Garrido claims that the motion to suppress evidence was made in superior court, as established by the title of the court that appears on all relevant documents. However, this line of reasoning would mean that Garrido was before the superior court, and not a magistrate, at every court appearance she made from beginning to end. Such analysis is inconsistent with the statutory role of the court acting as a magistrate. (*Hart, supra,* 74 Cal.App.4th at pp. 485–486.) Here, the motion to suppress evidence was made at the time of the scheduled pre-preliminary hearing. Thus, the court was acting in its capacity as a magistrate at the time the motion to suppress evidence was heard.

In support of her argument that the superior court has not been bypassed by her failure to renew the suppression motion in that forum, Garrido also maintains that her case was never certified to superior court. This contention is belied by the order signed by the court that "this case together with a copy of all proceedings held herein is certified to the Superior Court for this County." Thus, because the motion to suppress evidence was made before certification of the case to the superior court, the requirement in *Lilienthal*

that the motion be made "at some stage of the proceedings" is not met. (*Lilienthal, supra,* 22 Cal.3d 891 at p. 896.)

### B. *The Legal Bases on Which* Callahan *Relied Have Been Removed by Later Legislative Developments*

"We believe that [Penal Code] section 1538.5, subdivision (m), when read in light of [Penal Code] section 1462 and the 1992 amendments to [Penal Code] sections 859a and 1466, provides for [appellate] review of a municipal court's ruling on a section 1538.5 motion to suppress where, as here, the ruling on the suppression motion, the taking of the plea, and the imposition of judgment all occur within the municipal court." (*People v. Callahan* (1997) 54 Cal.App.4th 1419, 1423–1424 [63 Cal.Rptr.2d 684] (*Callahan*).) Garrido contends the procedural similarities between this case and *Callahan* compel us to hold that *Lilienthal* does not bar appellate review of the motion to suppress evidence. However, *Callahan* is distinguishable on the facts and has been undercut by later legislative developments.

In *Callahan*, the reviewing court noted that it was unclear from the record whether the trial court was acting as a municipal court or a superior court at the time of the imposition of judgment. (*Callahan, supra,* 54 Cal.App.4th at p. 1427.) This was especially difficult to determine because the court proceedings in *Callahan* occurred before unification. Here, there is no such confusion because, as noted, judgment was imposed after the case had been certified to the superior court. Moreover, in *Callahan*, the defendant had moved to withdraw his guilty plea at the imposition of judgment on the ground that the motion to suppress evidence had not been argued aggressively enough. The court in that case denied the motion and, crucially, told the defendant that his remedy was to appeal that decision. (*Id.* at p. 1421.) In this case, Garrido failed to move to withdraw her plea on any ground at the sentencing hearing and was given no such specific assurances that she would be able to appeal the ruling on the motion to suppress evidence.

As previously noted, the legal bases supporting *Callahan, supra,* 54 Cal.App.4th 1419, have been removed by later legislative developments. First, *Callahan* is a preunification case, making the procedural facts of that case different than those here. While in *Callahan* all of the proceedings were before a municipal court, in this case one proceeding, the sentencing hearing, did occur in the superior court.

Second, and more importantly, the statutes relied upon in *Callahan, supra,* 54 Cal.App.4th 1419, have substantially changed since that opinion was filed in 1997. In 1998, section 859c and Government Code section 70212, subdivisions (e) and (f), were added by legislation specifically triggered by

court consolidation. (Stats. 1998, ch. 931, §§ 370, 257.) Section 859c provides that "[p]rocedures under this code that provide for superior court review of a challenged ruling or order made by a superior court judge or a magistrate shall be performed by a superior court judge other than the judge or magistrate who originally made the ruling or order, unless agreed to by the parties." With regard to Government Code section 70212, subdivision (e) clarifies that "[m]atters of a type previously subject to rehearing by a superior court judge remain subject to rehearing by a superior court judge, other than the judge who originally heard the matter." Similarly, subdivision (f) states that "Penal Code procedures that necessitate superior court review of, or action based on, a ruling or order by a municipal court judge shall be performed by a superior court judge other than the judge who originally made the ruling or order." In 2002, section 859a, subdivision (b), was amended and section 1462 repealed. (Stats. 2002, ch. 784, §§ 533, 554.1)

### C. Burns *is Not Applicable Since Garrido Was Not Denied the Benefit of Her Plea Agreement*

Alternatively, Garrido urges the court to follow the example provided in *People v. Burns* (1993) 20 Cal.App.4th 1266 [25 Cal.Rptr.2d 230] (*Burns*). In *Burns*, the appellant pleaded guilty as part of a plea agreement after his motion to suppress evidence had been denied by the municipal court. The plea agreement included a specific understanding that the matter would be certified for appeal with regard to the denial of the motion. Despite the agreement, the Court of Appeal held it lacked jurisdiction to review the denial of the motion because it was not brought in the superior court. As a result, the court remanded the case, ruling that the defendant had to be permitted to withdraw his guilty plea and renew his suppression motion in the superior court. The *Burns* court reasoned that such a procedure was necessary because the defendant could not be given the benefit of his plea bargain. (*Id.* at pp. 1269–1270.)

This case is factually distinguishable from *Burns, supra,* 20 Cal.App.4th 1266. On this record, unlike in *Burns*, there is no indication that either party specifically contemplated an appeal of the denial of the motion to suppress. In support of the claim that she had an understanding with Kowalski, the deputy district attorney formerly assigned to the case, Garrido maintains that the parties agreed a guilty plea would be entered if the motion to suppress evidence were denied. Contrary to Garrido's assertions, there is no indication in the record of any such agreement. Instead, following denial of the motion to suppress evidence, defense counsel asked the court that, before proceeding with a pre-preliminary hearing, he be allowed to speak with Baker about a plea agreement that the district attorney's office had placed on the table.

The only information in the record relating to an appeal is that Garrido did cross out the portion of the change of plea form relating to her waiver of the right to appeal and that, at the change of plea hearing, Baker did ask for a waiver of her right to appeal. However, there is no reference to the suppression motion on the change of plea form. In addition, the motivating factor for Baker's request appears to have been a concern that the stipulated factual basis was too general and might have created an issue for appeal.

Although there was a brief discussion which led to a more specific stipulation on the facts, the only reasonable inference to be drawn from the discussion is that the issue of possible waiver of appeal related to the factual basis for the plea, not the denial of the suppression motion. Based on the record at hand, there is no reason to believe that Garrido's right to appeal the ruling on the suppression motion was contemplated by the plea agreement nor is there any way of knowing what Garrido understood. Rather than guaranteeing Garrido an additional right to appeal, it appears the district attorney's office acquiesced to Garrido's retaining her ordinary rights to appeal. Thus, Garrido has not been denied the benefit of her plea agreement and the case should not be remanded to the trial court to allow her to withdraw her plea and renew the suppression motion in the superior court.

## DISPOSITION

The appeal is dismissed without prejudice to any rights appellant may have to relief by way of a petition for writ of habeas corpus.

Benke, Acting P. J., and Aaron, J., concurred.

A petition for a rehearing was denied March 16, 2005, and appellant's petition for review by the Supreme Court was denied June 15, 2005.