Filed 11/19/14  P. v. Graves-Wright CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TAREY SHANNON GRAVES-WRIGHT,<br><br>    Defendant and Appellant. | A140007<br><br>(Solano County<br>Super. Ct. No. FCR298692) |

Following a jury trial, defendant Tarey Shannon Graves-Wright was convicted of felony methamphetamine possession and misdemeanor possession of a smoking device. The sole issue she raises on appeal is that the superior court judge sitting as a magistrate at her combined preliminary hearing and motion to suppress erred by not granting her suppression motion.  We hold defendant forfeited the issue by failing to renew her motion in superior court, and affirm the judgment.

## I.  BACKGROUND

### A.  *Pretrial Proceedings*

Defendant was charged by felony complaint with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1) and misdemeanor possession of a smoking device (Health & Saf. Code, § 11364.1, subd. (a); count 2).  The complaint further alleged in connection with count 1 that defendant had suffered a prior conviction

for which she served a prison term ending within five years of the charged offense. (Pen. Code,[1] § 667.5, subd. (b).)

On May 3, 2013, following the conclusion of a preliminary hearing and denial of a motion to suppress pursuant to section 1538.5, defendant was held to answer on the charges. The hearing was held before Judge Mike Nail, a superior court judge sitting as a magistrate. Judge Nail proposed, and the parties agreed, to deem the complaint an information, and to proceed forthwith with the arraignment. Defendant pleaded not guilty to both charges and denied the alleged prior conviction and prison term.

Defendant's jury trial began on August 19, 2013, with superior court Judge Robert Bowers presiding. Prior to trial, the defense moved in limine to exclude (1) evidence of defendant's prior criminal record and (2) any evidence not previously disclosed to the defense. The defense did not renew the motion to suppress at any time after the complaint was deemed to be the information.

## B. *Trial Evidence*

On February 26, 2013, at approximately 11:38 p.m., Fairfield Police Officer Richard Mroz stopped a vehicle for speeding after pacing it driving at about 43 miles per hour in a 30-mile-per-hour speed zone. As he walked to driver's side of the vehicle he noticed there were five people in it, including defendant who was seated in the left rear passenger seat directly behind the driver. He asked each person in the car to provide their identification. Officer Mroz ran warrant checks on the passengers as well as the driver. Within "a couple minutes," the officer learned the driver was on parole.

When Officer Mroz learned the driver was on parole for burglary, he decided to conduct a parole search, and called for a cover unit. The cover officers arrived "relatively quickly. . . . Within a couple minutes." Once the cover officers arrived, Officer Mroz ordered the driver and then the passengers to exit the vehicle one at a time. The officer patted down the driver and searched his person, before having him sit on the curb. As the other individuals alighted from the vehicle, Officer Mroz asked them

_____

[1] All statutory references are to the Penal Code unless otherwise indicated.

whether they had anything illegal on their person, and for permission to search them. He pat-searched the passengers, and had each of them sit on a nearby curb.

Defendant was the last passenger asked to exit the vehicle. The officer had observed that defendant had been holding a purse in her lap the entire time she was in the vehicle. When she got out of the vehicle, she put the purse on the backseat and left it there.[2] Defendant denied possessing anything illegal. According to Officer Mroz, he then asked her in a noncoercive manner if he could search both her person and her property, and she consented. The officer did not find anything on her person, but he found a glass pipe and a small plastic bag containing 0.69 grams of methamphetamine (approximately seven doses) inside an eyeglass container in defendant's purse. The purse also contained credit cards and a Social Security card in defendant's name. The defense called no witnesses, and argued to the jury there was insufficient evidence defendant knew contraband items were in her purse.

## C. *Verdict, Sentencing, and Appeal*

On August 21, 2013, the jury convicted defendant of both charges. At a bifurcated proceeding, the trial court found a prior conviction enhancement to be true. The court placed defendant on Proposition 36 probation for three years. Defendant timely appealed.

## II.  DISCUSSION

Defendant's sole argument on appeal is that the trial court erred in not granting her motion to suppress. Defendant failed to preserve that issue for appellate review.

To preserve a search and seizure issue for appeal, a defendant is required to raise the issue before the trial court; a motion to suppress brought before the magistrate at the preliminary hearing is not sufficient. (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896 (*Lilienthal*).)  To satisfy this requirement, a defendant whose motion to suppress evidence is denied at the preliminary hearing must renew his or her section 1538.5 motion at a

---

[2] Officer Mroz testified he would not have allowed defendant to exit the vehicle with her purse in any event, due to potential officer safety issues.

special hearing in the trial court (§ 1538.5, subd. (i)) or move to set aside the information (§ 995) on Fourth Amendment grounds. (*Lilienthal*, at pp. 896–897.) The fact that the magistrate and the trial judge are judges of the same court is immaterial to the application of this rule. (*People v. Richardson* (2007) 156 Cal.App.4th 574, 586–587, 589 [applying *Lilienthal* rule following unification of municipal and superior courts].) Defendant did not renew her motion to suppress or raise the search and seizure issue in a motion to set aside the information at any time after the preliminary hearing.

Defendant acknowledges the foregoing rule but maintains it is inapplicable to her: "For whatever reason, in Solano County, in this case, the judge that heard appellant's preliminary hearing and her concurrent motion to suppress, is the same judge that, at the conclusion of the preliminary hearing, deemed the complaint to be the information, and arraigned appellant on that information. *Lilienthal* is inapplicable as it would have been nonsensical for appellant to relitigate the suppression motion before the same judge that denied it in the first place."

Defendant was not required to relitigate the suppression motion before Judge Nail. Had she renewed the motion at the time of her arraignment on the information, the superior court would have been obligated to select a judge other than Judge Nail to rule on it. (See *People v. Hoffman* (2001) 88 Cal.App.4th 1, 3.) In fact, the case had already been assigned to Judge Bowers at that time, and defendant could have renewed the issue by motion under section 1538.5 or 995 in his department at any time after the complaint was deemed to be the information, up to and including the time of trial. Having failed to take that step, the search and seizure issue she raises is not cognizable in this court.

## III. DISPOSITION

The judgment is affirmed.

4

_____
Margulies, Acting P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.