Filed 3/3/15  P. v. Saucedo CA2/7

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT SAUCEDO IV,<br><br>Defendant and Appellant. | B253033<br><br>(Los Angeles County<br>Super. Ct. No. BA402850) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  William N. Sterling, Judge.  Judgment reversed and the cause remanded.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Robert Saucedo IV appeals from his judgment of conviction entered on a plea of no contest to one count of possession of cocaine for sale (Health & Saf. Code, § 11351) and one count of possession of money or instruments obtained from illegal narcotics sales (Health & Saf. Code, § 11370.6, subd. (a)).  Saucedo argues that the trial court erred in denying his motions to quash and traverse a search warrant and to suppress evidence made at a preliminary hearing pursuant to Penal Code[1] section 1538.5.  Saucedo further asserts that, if this court lacks jurisdiction to review his search and seizure claim, he should be permitted to withdraw his plea.  We conclude that Saucedo's challenge to the validity of the search and seizure is not cognizable on appeal, but he should be given an opportunity to withdraw his plea because it was induced by a misrepresentation of his appellate rights.  We accordingly reverse the judgment and remand the matter to the trial court for further proceedings consistent with this opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In September 2012, law enforcement officers conducted surveillance of residences located at Carfax Avenue and Blaine Avenue in Belmont, California.  On September 19, 2012, the officers detained Saucedo and codefendant Jimmy Fernandez at the Blaine Avenue address, and detained Saucedo's brother, Roberto Saucedo Jr., at the Carfax Avenue address.  After obtaining a warrant to search the residences and vehicles at each address, the officers seized narcotics, firearms, large amounts of United States currency, and paraphernalia used in narcotics trafficking from the premises and vehicles searched.

On September 21, 2012, the Los Angeles County District Attorney filed a felony complaint charging Saucedo, Fernandez, and Robert Saucedo Jr. with conspiracy to commit the crime of possession of narcotics for sale (§ 182, subd. (a)(1); Health & Saf. Code, § 11351) [count 1], possession of cocaine for sale (Health & Saf. Code, § 11351) [count 2], possession of heroin for sale (Health & Saf. Code, § 11351) [count 3], possession of methamphetamine for sale (Health & Saf. Code, § 11351) [count 4],

---

[1]  Unless otherwise stated, all further statutory references are to the Penal Code.

and possession of money in excess of $100,000 obtained from unlawful narcotics sales (Health & Saf. Code, § 11370.6, subd. (a)) [count 5]. As to count 1, it was alleged that the substance at issue exceeded 20 kilograms in weight within the meaning of Health and Safety Code section 11370.4, subdivision (a)(4).

On February 27, 2013, Saucedo filed a motion to quash the search warrant and to suppress evidence, and a motion to traverse the search warrant and to suppress evidence. Saucedo filed a supplemental motion to traverse the search warrant and to suppress evidence on March 14, 2013, and the prosecution filed a combined opposition to the motions on March 20, 2013. On April 23, 2013, prior to the start of the preliminary hearing, the trial court denied each of the motions filed by Saucedo. Testimony in the preliminary hearing commenced on May 7, 2013. Saucedo filed a supplemental motion to suppress evidence on May 20, 2013, and the prosecution filed a supplemental opposition. On May 22, 2013, at the conclusion of the preliminary hearing, the trial court denied the suppression motion. Saucedo was held to answer as charged in the felony complaint.[2]

On June 5, 2013, the Los Angeles County District Attorney filed an information charging Saucedo with the same five counts alleged in the complaint. As to counts 1 and 2, it also was alleged that the substance at issue in the charged offense exceeded 20 kilograms in weight within the meaning of Health and Safety Code section 11370.4, subdivision (a)(4). Saucedo pleaded not guilty to each count and denied the enhancement allegations.

On October 8, 2013, Saucedo filed a renewal of his motion to suppress evidence made at the preliminary hearing. The prosecution filed an opposition to the motion on November 4, 2013. Saucedo's renewed motion was never heard or ruled upon by the

---

[2]    Robert Saucedo Jr. was not held to answer, and the complaint against him was dismissed. Fernandez was held to answer as charged, and after entering a no-contest plea, he also filed an appeal in this Court challenging the denial of his motion to suppress. On March 2, 2015, in a non-published opinion, we affirmed Fernandez's judgment of conviction. (See *People v. Fernandez* (March 2, 2015, B255310) [nonpub. opn.].)

trial court.  Rather, on November 13, 2013, the day set for the hearing on the motion, Saucedo withdrew his not guilty plea and entered a plea of no contest to counts 2 and 5.

At the start of the plea hearing, the prosecutor advised the trial court of the terms of the negotiated plea agreement.  The following exchange then took place:

> The Court:  All right.  And you're not requiring as previously for the disposition that the defendant give up his appellate rights as to the 1538.5?
>
> [Prosecutor]:  Not at this time.  I've spoken about that issue --
>
> The Court:  There will be no other time.
>
> [Prosecutor]:  No, Your Honor.
>
> The Court:  The only thing I would ask is that the defendant does withdraw -- is the defendant asking the court -- is the defendant moving to withdraw the motion in this court?
>
> [Defense Counsel]:  Yes, we are.  This is based on the plea negotiations, Your Honor.
>
> The Court:  All right.  Defendant withdraws renewal of 1538.5 motion.

The trial court accepted Saucedo's plea and sentenced him to a term of 10 years to be served in county jail.  As part of the plea agreement, counts 1, 3, and 4 were dismissed.

Following the plea hearing, Saucedo obtained a certificate of probable cause and filed a timely notice of appeal.  The certificate of probable cause issued by the trial court stated that Saucedo had good cause to appeal "the denial of all pretrial motions, including the denial of the motions to suppress evidence filed under [section] 1538.5."  During the pendency of his appeal, Saucedo also filed a petition for a writ of habeas corpus (Case No. B255885), asserting an ineffective assistance of counsel claim.

## DISCUSSION

Saucedo raises two issues on direct appeal.  First, he claims that the trial court erred when it denied his motions to quash and traverse the search warrant and to suppress evidence at the preliminary hearing.  Second, he contends that, if he forfeited his right to

4

appeal the denial of these suppression motions, he should be afforded an opportunity to withdraw his no-contest plea because it was premised on an incorrect promise that his appellate rights under section 1538.5 were preserved.

## I. Relevant Law

Section 1538.5 sets forth the procedure for the litigation of suppression motions. A defendant may move to suppress evidence at the preliminary hearing if the "evidence relates to a felony offense initiated by a complaint." (§ 1538.5, subd. (f)(1).) Following the preliminary hearing, the defendant has "the right to renew or make the motion at a special hearing relating to the validity of the search or seizure." (§ 1538.5, subd. (i).) For purposes of seeking appellate review of a ruling on a suppression motion, subdivision (m) of the statute provides, in relevant part: "A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty. Review on appeal may be obtained by the defendant provided that at some stage of the proceedings prior to conviction he or she has moved for the return of property or the suppression of the evidence." (§1538.5, subd. (m).)

The California Supreme Court has construed the term "at some stage of the proceedings" in section 1538.5, subdivision (m) to refer to proceedings in the superior court held after the preliminary hearing. (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896-897 (*Lilienthal*).) Accordingly, to preserve the issue of the validity of a search or seizure for appeal, a defendant whose suppression motion was denied at the preliminary hearing must renew the motion in the superior court after the information is filed. (*Id*. at p. 896; *People v. Garrido* (2005) 127 Cal.App.4th 359, 363-364; *People v. Hinds* (2003) 108 Cal.App.4th 897, 900; *People v. Hoffman* (2001) 88 Cal.App.4th 1, 2-3.) The defendant must also secure a ruling on the suppression motion from the superior court. (*People v. Kain* (1989) 212 Cal.App.3d 816, 822; *People v. Ellers* (1980) 108 Cal.App.3d 943, 951.) As the Supreme Court observed in *Lilienthal*, "it would be wholly inappropriate to

5

reverse a superior court's judgment for error it did not commit and that was never called to its attention." (*Lilienthal*, *supra*, at p. 896, fn. omitted.)[3]

"Other than search and seizure issues specifically reviewable under section 1538.5, subdivision (m), all errors arising prior to entry of plea of guilty or nolo contendere are waived by the plea, except those based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings . . .' [Citations.]" (*People v. Shults* (1984) 151 Cal.App.3d 714, 718-719.) The parties and the trial court cannot, by their agreement, expand the jurisdiction of the appellate court and make cognizable on appeal an issue that has been waived by a plea of guilty or no contest. (*People v. Kaanehe* (1977) 19 Cal.3d 1, 9; *People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896; *People v. Coleman* (1977) 72 Cal.App.3d 287, 292.) Moreover, "[o]btaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty." (*People v. Kaanehe*, *supra*, at p. 9; *People v. DeVaughn*, *supra*, at p. 893 ["trial court could not bargain to preserve [non-appealable] issues on appeal by issuance of certificates of probable cause"].) "[T]he trial court's acquiescence in a defendant's expressed intention to appeal is wholly ineffective to confer jurisdiction on the appellate court if the issue proposed to be raised is in fact not cognizable on appeal." (*People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1362.)

In contrast, a claim that a plea was improperly induced challenges the legality of the proceedings resulting in the plea and is cognizable on appeal. (§ 1237.5; *People v. DeVaughn*, *supra*, 18 Cal.3d at p. 896.) "'Where a defendant's plea is "induced by misrepresentations of a fundamental nature" such as a bargain which is beyond the

---

**3**    "The unification of the municipal and superior courts has not abrogated the need for a renewal of a motion to suppress evidence following certification of a case to the superior court. [Citations.] *Lilienthal* continues to apply postunification because the California Constitution, article VI, section 23, subdivision (c), which created the unified court system, specifically provides for superior court review of preliminary hearing suppression motions. [Citation.] The rationale for continuing to apply *Lilienthal* after unification is based on the distinct roles assigned to the magistrate and the superior court. [Citation.]" (*People v. Garrido*, *supra*, 127 Cal.App.4th at p. 364.)

6

power of the trial court, a judgment based upon the plea must be reversed.  [Citations.]'
[Citation.]"  (*People v. Hollins* (1993) 15 Cal.App.4th 567, 574.)  Indeed, it repeatedly
has been held that when a plea is induced by an inaccurate promise that an issue is
preserved for appeal, the defendant "'should be given an opportunity to reevaluate his
guilty plea and withdraw that plea and proceed to trial if he so desires.'"  (*Id*. at p. 575;
see *People v. Truman* (1992) 6 Cal.App.4th 1816, 1820-1821; *People v. Bonwit* (1985)
173 Cal.App.3d 828, 833; *People v. Coleman*, *supra*, 72 Cal.App.3d at pp. 292-293.)

In *People v. Burns* (1993) 20 Cal.App.4th 1266 (*Burns*), for instance, the appellant
entered a certified plea of guilty after his motion to suppress evidence was denied by the
municipal court.  At the plea hearing, the prosecutor indicated that the parties had agreed
that the denial of the suppression motion would be certified for appeal.  The Court of
Appeal held that it lacked jurisdiction to review appellant's challenge to the validity of
the search and seizure because he never renewed his suppression motion in the superior
court prior to entering his plea.  (*Id*. at pp. 1269-1270.)  As the court explained, "the
parties cannot by their agreement confer upon this court the jurisdiction to hear an issue
which is not appealable. [Citation.]  Although this court has jurisdiction to entertain an
issue regarding sentence after appellant's plea of guilty [citations], we have no authority
pursuant to section 1538.5, subdivision (m), to review appellant's search and seizure
claim, which was precluded from consideration in the superior court by appellant's
certified plea."  (*Id*. at p. 1274.)  The court further held that, "since appellant cannot be
given the benefit of his plea bargain, which entailed the ability to raise on appeal the
search and seizure claim, he must be permitted to withdraw his guilty plea."  (*Ibid*.)

## II.     Appealability of Saucedo's Search and Seizure Claim

Saucedo asserts that the trial court erred when it denied his motions to quash and
traverse the search warrant and to suppress evidence at the preliminary hearing.  This
claim, however, is not cognizable on appeal.  Although Saucedo renewed his motion
to suppress evidence after being held to answer in accordance with section 1538.5,
subdivision (m), he later withdrew that motion as part of his plea agreement.  As a result,

7

the trial judge never heard or ruled on the merits of Saucedo's renewed motion. The fact that the parties agreed at the plea hearing that Saucedo was preserving his right to appeal the denial of the suppression motions did not confer jurisdiction on this court to review his search and seizure claim. The trial court's issuance of a certificate of probable cause also was ineffective to confer appellate jurisdiction, notwithstanding the statement in the certificate purporting to authorize an appeal of the suppression rulings made at the preliminary hearing. Because Saucedo waived his right to appeal the denial of his suppression motions by withdrawing his renewed motion at the time of his plea, this court lacks jurisdiction to consider his challenge to the validity of the search and seizure on appeal.

## III.    Withdrawal of Saucedo's Plea

Alternatively, Saucedo argues that, if his search and seizure claim is not cognizable on appeal, he should be allowed to withdraw his plea of no contest because it was induced by an inaccurate promise that he was preserving his right to appeal the denial of the suppression motions as part of his plea agreement. Based on our review of the record, we agree that Saucedo must be given an opportunity to withdraw his no-contest plea because he was denied a material benefit of his plea bargain.

At the hearing on Saucedo's plea, the trial court asked whether the prosecutor was requiring that Saucedo waive his appellate rights under section 1538.5 as part of the plea agreement. The prosecutor answered, "No, Your Honor." The trial court then asked whether Saucedo was agreeing to withdraw his renewed suppression motion, which was set to be heard that day. Defense counsel confirmed that Saucedo was withdrawing the motion "based on the plea negotiations." After accepting the withdrawal of the motion, the trial court authorized the prosecutor to take Saucedo's plea.

The record on appeal reflects that the negotiated terms of Saucedo's plea bargain included an agreement that he was preserving his right to appeal the denial of the suppression motions made at the preliminary hearing, notwithstanding his withdrawal of the renewed suppression motion made before the trial judge. However, the promise that

8

Saucedo was preserving his appellate rights under section 1538.5 was illusory because, as discussed above, he could not challenge the validity of the search and seizure on appeal unless he secured a ruling from the trial court on his renewed motion. Based on the statements made at the plea hearing, it appears that neither the trial court nor the parties understood these limits on appellate review or contemplated that Saucedo was waiving his appellate rights by withdrawing the renewed suppression motion as a condition of his plea. This misunderstanding of Saucedo's appellate rights is further evidenced by the trial court's issuance of a certificate of probable cause, which erroneously purported to allow Saucedo to appeal the denial of all pretrial motions filed under section 1538.5.

The record therefore supports Saucedo's claim that his no-contest plea was, at least in part, induced by a fundamental misrepresentation of his appellate rights. Because Saucedo cannot be given the benefit of his plea bargain, the judgment based on the plea must be reversed, and the matter remanded to the trial court. On remand, Saucedo must be given an opportunity to withdraw his plea and proceed to trial if he so chooses.[4]

---

**4**     In his related petition for a writ of habeas corpus, Saucedo claims that he received ineffective assistance of counsel when his trial attorney erroneously advised him that he was preserving his appellate rights under section 1538.5 at the time he entered his plea. Because we are granting, on direct appeal, the same relief sought by Saucedo in his petition, we are dismissing the petition as moot by separate order filed concurrently with this opinion.

## DISPOSITION

The judgment is reversed and the cause remanded to the superior court. The superior court is directed to vacate the no-contest plea if Saucedo makes an appropriate motion within 30 days after the remittitur is issued. In that event, the superior court should reinstate the original charges contained in the information, if the prosecution so moves, and proceed to trial or make other appropriate dispositions. If Saucedo does not move to vacate the plea, the superior court is directed to reinstate the original judgment.

ZELON, J.

We concur:

PERLUSS, P. J.

WOODS, J.

10