Filed 8/31/15  P. v. Burt CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

<table>
<tr><td>THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND D. BURT,<br><br>      Defendant and Appellant.</td><td>A141818<br><br>(Sonoma County<br>Super. Ct. No. SCR639559)</td></tr>
</table>

Defendant Raymond Burt appeals the denial of a suppression motion (Pen. Code, § 1538.5) filed prior to his plea of no contest, conviction and sentence.[1]  Burt's appointed counsel has submitted a letter conceding Burt's failure to preserve the issue he wishes to appeal, but asking nonetheless that the court exercise its discretion to reach the merits under *People v. Williams* (1998) 17 Cal.4th 148, and *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*).  Having considered Burt's request, we decline his invitation to decide the appeal on the merits.  We therefore affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Around 6:00 p.m. on September 4, 2013, Raymond Burt and his co-defendant, both African American males, sat in Burt's pearl white BMW, within 1,000 feet of an elementary school, as Sonoma County Sheriff Deputies Bottomley and Engram passed by in their patrol car on the driver's side and peered into the car.  As the officers passed, a third African American male on a bike leaned into the window of the passenger side of

---

[1] Statutory references are to the Penal Code unless otherwise specified.

the car. Bottomley believed he had just witnessed a hand-to-hand drug transaction. At that moment, the hand-to-hand transaction suspected by Bottomley was the only basis for a detention.

As Bottomley turned his patrol car around and began to pull up behind Burt's parked car, the man on the bike rode off. Bottomley did not see anything change hands and could not say if the man on the bike was a buyer or a seller, and the officers made no attempt to stop him.

Approaching the car, however, Bottomley smelled a strong scent of marijuana. He believed that, with this added information, he had probable cause to search the car. Prior to searching the car, however, Bottomley asked Burt's permission, which Burt declined. Bottomley and Engram ordered both men out of the car and told them to sit on the curb as Bottomley's partner tried to get a positive identification on the co-defendant.

Santa Rosa Police Officer Collins arrived and told the deputies there had been a report that "two black males in a pearl white BMW" had been seen nearby brandishing a firearm. (§ 417.)

Bottomley shined his light into the car, and pointed at the center console which was locked. When he asked Burt for the key to open it, Burt replied he did not have the key and that he had only owned the vehicle for a month and a half, and during that time he never possessed a key to the center console.

Bottomley decided to search Burt's car and was able to access the center console by prying it open. He discovered two loaded firearms inside, one of which had been reported stolen in 2011. Bottomley also found a small amount of marijuana ("about the size of . . . a large marble") in a pill bottle on the console, but found no indicia of drug sales. Burt was arrested and booked into custody.

On September 26, 2013, Burt filed a motion to suppress evidence pursuant to section 1538.5. The evidence to be suppressed consisted of "all tangible and intangible evidence, to include the officers' observations, obtained as the result of the illegal detention of Mr. Burt's person due to a warrantless and illegal search and seizure of his person and automobile." Burt argued the detention was illegal because Bottomley did not

2

have a reasonable suspicion of criminal activity when he approached Burt's car. The People argued that the detention was justified by Bottomley's observation of what appeared to be a hand-to-hand drug transaction, and the search did not occur until after Bottomley smelled the marijuana and after he had obtained the information about the earlier brandishing incident.

On October 7, 2013, a magistrate held a preliminary hearing concurrently with the hearing on the section 1538.5 motion. That motion was denied and Burt was bound over for trial. Burt failed to renew the section 1538.5 motion before the trial judge. On November 7, 2013, Burt pleaded no contest to unlawfully possessing a firearm within 1,000 feet of a school (§ 626.9, subd. (b)). And on April 17, 2014, he was sentenced to three years (suspended) and was granted five years of probation on the condition that he complete a drug rehabilitation program.

## DISCUSSION

Burt appeals, raising only one issue: the validity of the detention under the Fourth Amendment. The Attorney General argues that this issue has been forfeited under *People v. Lilienthal* (1978) 22 Cal.3d 891. We agree and will affirm on that basis, without reaching the merits.

Section 1538.5, subdivision (m) provides that "[a] defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the conviction is predicated upon a plea of guilty. Review on appeal may be obtained by the defendant provided that at some stage of the proceedings prior to conviction he . . . has moved for the . . . suppression of the evidence."

Under the plain language of subdivision (m), it is sufficient that a motion be made "at some stage of the proceedings." In *People v. Lilienthal*, *supra*, 22 Cal.3d 891, however, the California Supreme Court held, even though the defendant in that case had arguably satisfied the procedural prerequisites of section 1538.5, subdivision (m) by bringing his suppression motion at a preliminary hearing held in municipal court, the statute "should be interpreted to require that the matter be raised in the superior court."

3

(*Id*. at p. 896.) *Lilienthal* held that subdivision (m) should not be interpreted to allow a defendant to bypass the superior court, "for it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention." (*Ibid.*) Because the defendant in *Lilienthal* filed a section 995 motion based on the alleged illegal search, his appeal was allowed to proceed. But absent such a motion or a renewed suppression motion, an appeal is foreclosed. (See *People v. Richardson* (2007) 156 Cal.App.4th 574, 584–589; *People v. Garrido* (2005) 127 Cal.App.4th 359 [because the motion to suppress evidence was made before certification of the case to the superior court, the requirement in *Lilienthal* that the motion be made "at some stage of the proceedings" was not met].)

Burt concedes that he failed to renew his suppression motion after he was bound over for trial and that the issue has been forfeited under *Lilienthal*. He argues, however, that appellate courts have broad discretion to decide issues not preserved for review (*People v. Williams*, *supra*, 17 Cal.4th at p. 161, fn. 6) and are especially willing to exercise that discretion where a forfeited claim involves an important issue of constitutional law or some other substantial right. (*Sheena K.*, *supra*, 40 Cal.4th at p. 887, fn. 7.)

Burt is correct, of course, that when the issue on appeal presents a pure question of law, even though forfeited, it can in some circumstances be heard by the appellate court. (See *Sheena K., supra*, 40 Cal.4th at pp. 888–889 [minor challenged probation condition requiring she not associate with anyone disapproved of by her probation officer as unconstitutionally vague].) In *Sheena K.*, the forfeited claim was nevertheless addressed by the Supreme Court which held the probation condition "easily remediable on appeal by modification of the condition." (*Id.* at p. 888.) *Sheena K.* emphasized, however, that " 'discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue.' " (*Id.* at p. 887, fn. 7.)

We decline to exercise our discretion to reach the merits of Burt's Fourth Amendment claim in this case. His section 1538.5 challenge is premised on an unlawful search and seizure theory which, though it raises a constitutional issue, would require a

review of the record, may require additional fact-finding, and cannot easily be addressed on appeal. The issue is also highly situational and requires nothing more than an application of settled law to the facts presented, once they are fully fleshed out. Accordingly, because Burt asks us to address an issue that does not involve a "pure question of law" and would not provide guidance in future cases if we were to decide it here, we decline to reach the merits.

## DISPOSITION

The judgment is affirmed.


_____
Streeter, J.


We concur:


_____
Reardon, Acting P.J.


_____
Rivera, J.