Filed 12/9/25  P. v. Welch CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D084301 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FVI23002853) |
| JAY EDWARD WELCH II, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Bernardino County, John M. Wilkerson and Christopher S. Pallone, Judges.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

Jay Edward Welch II appeals from the judgment following his plea of no contest, contending the magistrate erroneously denied his motion to suppress at the preliminary hearing.  Resolving this matter by memorandum

opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we conclude Welch forfeited his claim by failing to either renew his motion or file a Penal Code section 995 motion on the same grounds in the superior court. We therefore affirm.

I.

We draw the relevant background facts from the preliminary hearing transcript.

In December 2022, a San Bernardino County deputy initiated a traffic stop on a car Welch was driving. Welch was arrested due to an outstanding warrant, and the car was towed. At the tow yard, a canine unit alerted to the driver's door. After obtaining a search warrant, deputies found a loaded handgun that was not registered to Welch or the car's other passengers. A felony complaint (Case No. FVI23002744) was filed in August 2023.

In September 2023, one of the same deputies initiated a traffic stop of a car with tinted windows. Welch, the driver, was uncooperative and, among other things, refused to submit to a pat-down search or exit the car. Welch was arrested for delaying a peace officer during a lawful traffic stop (Veh. Code, § 2800, subd. (a) & Pen. Code, § 148(a)(1)). The deputy conducted an inventory search of the car and found a handgun loaded with a high-capacity magazine that was not registered to Welch or his passenger. A felony complaint (Case No. FVI23002853) was filed days later.

The next month, Welch filed an opposed motion in Case No. FVI23002853 to suppress the evidence obtained during the September 2023 inventory search.

In December 2023, at a joint preliminary hearing for both cases, a deputy opined as a gang expert that the December 2022 offenses were committed to benefit a gang of which Welch was allegedly a member. He

2

opined the same as to the September 2023 offenses. At the close of the hearing, the magistrate denied without prejudice Welch's motion to suppress in Case No. FVI23002853 and held Welch to answer in both matters.

Shortly after, two concurrently filed informations charged Welch with carrying a loaded handgun not registered to him in a public place (Pen. Code, § 25850(a) & (c)(6); count 1), carrying a loaded firearm on his person or in a vehicle while prohibited from possessing a firearm (§ 25850(a) & (c)(4); count 2); and possessing a firearm with a specified misdemeanor conviction (§ 29805(a)(1); count 3) (Case No. FVI23002744); and carrying a loaded firearm on his person or in a vehicle while prohibited from possessing a firearm (§ 25850(a) & (c)(4); count 1), carrying a loaded handgun not registered to him in a public place (§ 25850(a) & (c)(6); count 2), possessing a firearm with a specified misdemeanor conviction (§ 29805(a)(1); count 3), and possessing a large capacity magazine for sale (§ 32310; count 4) (Case No. FVI23002853). As to all counts in both informations, it was also alleged that the offenses were committed for the benefit of a criminal street gang (§ 186.22(b)(1)(A)) while Welch was out on bail (§ 12022.1(b)).

A couple months later, Welch unsuccessfully moved in the superior court to set aside and dismiss the gang allegations in Case No. FVI23002744. Welch immediately moved to change his pleas. He pled no contest in Case No. FVI23002744 to a misdemeanor violation of section 25850(a) and admitted one gang enhancement (§ 1866.22(d)). In accordance with a plea agreement, he was sentenced to the low term of one year in prison to run concurrent to the sentence in the other case plus two years in prison, stayed, for the gang allegation. In Case No. FVI23002853, Welch pled no contest to count 1 and admitted one gang allegation (§ 186.22(b)(1)(A)). In accordance

3

with a plea agreement, he was sentenced to the upper term of three years in prison plus two years in prison, stayed, for the gang allegation.

## II.

On appeal of Case No. FVI23002853, Welch contends the court erred in denying his motion to suppress because the September 2023 search of his car was not a legitimate inventory search and instead was a pretext to conduct a warrantless and illegal search. The People respond Welch forfeited this claim by failing to either renew his motion to suppress or file a motion to set aside the information on the same grounds in the superior court. Welch filed no reply brief contesting the People's argument, which we conclude is meritorious.

"[W]here the defendant moves to suppress evidence at the preliminary hearing, he or she must again raise the issue of the validity of a search in superior court in order to preserve the issue for appeal." (*People v. Garrido* (2005) 127 Cal.App.4th 359, 364.) The defendant may do so either by renewing the motion to suppress or by filing a section 995 motion. (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896-897.)

Here, Welch failed to renew his motion to suppress in Case No. FVI23002853 in the superior court. And the only section 995 motion he filed was in Case No. FVI23002744 on unrelated issues—the gang allegations. Accordingly, Welch forfeited his claim that his suppression motion in Case No. FVI23002853 was wrongfully denied.

### III.

We affirm.

CASTILLO, J.

WE CONCUR:

IRION, Acting P. J.

KELETY, J.