Filed 5/27/26  P. v. Dunbar CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEMETRIUS DUNBAR,<br><br>    Defendant and Appellant. | D085300<br><br><br><br>(Super. Ct. No. SCE426590) |

APPEAL from a judgment of the Superior Court of San Diego County, Anthony J. Campagna, Judge.  Affirmed.

Richard L. Fitzer, under the appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Demetrius Dunbar appeals from a judgment of conviction after a jury found him guilty as charged of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1))[1] and ammunition (§ 30305, subd. (a)(1)), resisting an officer (§ 148, subd. (a)(1)), giving false information to a peace officer (§ 148.9, subd. (a)), possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)), and possession of drug paraphernalia (*id.*, § 11364). His appointed appellate counsel filed a brief pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which identified three potential arguable issues. We granted Dunbar an opportunity to file a supplemental brief on his own behalf, but he did not do so. After reviewing the entire record (*People v. Kelly* (2006) 40 Cal.4th 106, 119), we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

While on patrol around midnight on July 24, 2024, La Mesa police officer Alex Ohlendorf noticed that the rear California license plate of a Buick a few car lengths ahead of him was unreadable. Suspecting that the driver may have unlawfully removed the plate's reflective coating to obscure its characters, Ohlendorf conducted a traffic stop and pulled the car over.[2] Dunbar was driving with a female passenger.

The reason for the stop, Ohlendorf told Dunbar, was the plate's missing reflective coating. During the stop, Dunbar produced a fake driver's license,

---

[1] Subsequent undesignated statutory references are to the Penal Code.

[2] "A person shall not erase the reflective coating of, paint over the reflective coating of, or alter a license plate to avoid visual or electronic capture of the license plate or its characters." (Veh. Code, § 5201.1, subd. (c)(1).)

something Ohlendorf wanted to investigate.  He also wanted to investigate a pipe he saw in the Buick that he thought was the type used to smoke methamphetamine.

Before Ohlendorf could do so, Dunbar attempted to escape by driving away.  He led the officer on a short vehicle chase that ended at a dead end in a parking lot, at which time the Buick stopped and both passengers bolted.  Ohlendorf immediately apprehended the woman; Dunbar was located a few moments later hiding in a bush.  Officers found a useable amount of fentanyl on Dunbar's person and a loaded gun in the woman's purse, which she said belonged to Dunbar.  They also found a bag of ammunition and more drug paraphernalia in the Buick.

Before the preliminary hearing, Dunbar challenged the car stop in a motion to suppress.  He contended that reasonable suspicion for the stop was lacking either because it was undisputed that the Buick's rear license plate was visible from ten feet away or because Ohlendorf had no reason to believe the plate had been manipulated.  The motion was denied, and Dunbar was bound over as to all counts following the preliminary hearing.  His trial counsel did not renew his motion to suppress prior to trial.

In addition to the charges for which Dunbar was convicted, the People alleged he suffered two prior convictions in Colorado that are strikes under California's Three Strikes law.  In 2009, Dunbar pleaded guilty to second degree assault by admitting "with intent to cause bodily injury to another, [he] unlawfully and feloniously caused bodily injury to [victim] by means of a deadly weapon, namely:  handgun."

Dunbar's second potential strike occurred in 2022 when he pleaded guilty to one count of child abuse resulting in death.  He admitted that he "knowingly and recklessly … caused an injury to, or permitted to be

3

unreasonably placed in a situation that posed a threat of injury to, the life or health of a child [victim's name] that resulted in the death of the child." The record of conviction reveals that Dunbar was driving with three unrestrained passengers, including two children. While traveling 76 miles per hour in a 45 mile per hour zone, Dunbar ran a red light and struck a pickup truck. The unrestrained passengers were ejected from the car, and one of the children died at the scene from blunt force trauma. Dunbar was under the influence of methamphetamine, ecstasy, and marijuana at the time of the crash.

After a bench trial on the People's strike prior allegations, the court deemed Dunbar's assault conviction a strike because (1) it included all the elements of subdivision (a)(1) of section 245, assault with a deadly weapon or other instrument other than a firearm, or (2) it involved the personal use of a firearm. His child abuse conviction was a strike, the court determined, because it met all the elements of vehicular manslaughter under section 192. The court sentenced Dunbar to four years in custody after considering his two strikes.

## DISCUSSION

Appellate counsel filed a *Wende* brief requesting that we independently review the record for error. To assist our review, counsel's brief identifies as potential arguable issues whether (1) Dunbar's prior Colorado convictions qualify as strikes under California's Three Strikes law, (2) the superior court erred in giving the flight instruction as to all counts, and (3) trial counsel was ineffective for failing to renew the motion to suppress in the superior court as required to preserve appellate review (*People v. Garrido* (2005) 127 Cal.App.4th 359, 363–365).

4

Based on our review of the information in the records of conviction, there is no reasonable doubt that Dunbar's Colorado convictions are strikes for purposes of California's Three Strikes law.  (*People v. Miles* (2008) 43 Cal.4th 1074, 1083 [standard of review]; *People v. Griffis* (2013) 212 Cal.App.4th 956, 965 [entire record of conviction may be considered] (*Griffis*).)  His assault conviction was a "serious felony" and thus a strike because he admitted to personally using a firearm.  (§ 1192.7, subd. (c)(8), (23); *Griffis*, at p. 965 [§ 1192.7, subd.(c) identifies strikes].)  And Dunbar's child abuse conviction establishes the elements of gross vehicular manslaughter under subdivision (c)(1) of section 192, which also is a  felony, because he acted with gross negligence and was solely responsible for the injury that resulted in the death.  (§ 1192.8, subd. (a); cf. *People v. Wilson* (2013) 219 Cal.App.4th 500, 511–512.)

The prosecution relied on evidence of Dunbar's attempt to flee to show consciousness of guilt; accordingly, the trial court, as required by section 1127c, instructed the jury that his attempted flight from Ohlendorf may show that he was aware of his guilt.  (CALCRIM No. 372.)  Dunbar neither objected to this instruction nor requested that the court clarify the counts to which this instruction applied.  But to preserve this issue for appeal, Dunbar "was required to request an additional or clarifying instruction if he believed that the instruction was incomplete or needed elaboration." (*People v. Maury* (2003) 30 Cal.4th 342, 426; *ibid.* [" 'error cannot now be predicated upon the trial court's failure to [elaborate or clarify] on its own motion' "].)

Turning to Dunbar's trial counsel's failure to renew the suppression motion, a court will deem an attorney's assistance ineffective only if a defendant shows that (1) counsel's representation fell below an objective

5

standard of reasonableness under prevailing professional norms, and (2) a reasonable probability that, but for counsel's failings, he or she would have obtained a more favorable result. (*People v. Hoyt* (2020) 8 Cal.5th 892, 958.) As a rule, we presume that a "counsel's actions [fell] within the broad range of reasonableness." (*People* v. *Mickel* (2016) 2 Cal.5th 181, 198.) This presumption is unrebutted where, as here, the record " ' "sheds no light on why counsel … failed to act in the manner challenged." ' " (*People* v. *Lopez* (2008) 42 Cal.4th 960, 966.) Because further briefing in this appeal cannot fill this gap in the record, Dunbar's remedy, if any, is by way of habeas corpus. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

We have independently reviewed the entire record as required by *Wende* and *Anders* and found no additional arguable issues. Competent counsel has represented Dunbar on this appeal.

## DISPOSITION

The judgment is affirmed.


DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DO, J.