Filed 10/27/23  P. v. Scarano CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092538 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE023236) |
| v. | OPINION ON TRANSFER |
| ANTHONY RICARDO SCARANO, | |
| Defendant and Appellant. | |

This case returns to us on transfer with directions from our Supreme Court.

The trial court placed defendant Anthony Ricardo Scarano on a five-year term of probation after he pleaded no contest to possession of a firearm by a felon.  On appeal, defendant contends the trial court erred in denying his motion to suppress evidence.  He further contends his term of probation must be reduced from five years to two in accordance with the recent amendment to Penal Code section 1203.1, which was enacted while this appeal was pending.

1

In our original opinion, a different panel of this court agreed that defendant had failed to preserve his claim on the motion to suppress. The panel was divided, however, on the issue of whether the matter should be remanded to allow the trial court and the prosecution the opportunity to withdraw from the plea agreement in light of Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 328, §2) (Assembly Bill No. 1950). The majority concluded the matter should be remanded and disposed of the appeal accordingly. The dissent asserted that defendant's probation should simply be reduced from five years to two, without remand.

Defendant petitioned our Supreme Court for review; that court has now directed us to reconsider the matter in light of *People v. Prudholme* (2023) 14 Cal.5th 961. Having done so, we agree defendant is entitled to a reduction in his term of probation without the need for remand. We shall modify the judgment to reduce the term and otherwise affirm the judgment.

## BACKGROUND

In December 2019, the People charged defendant with nine criminal acts, including possession of a firearm by a felon (Pen. Code, § 29800).[1] The People also alleged defendant was previously convicted of a strike offense.

We omit the factual details underlying the charges, as the facts of the charged crimes are not relevant to resolution of the issues raised on appeal.

Prior to the preliminary hearing, defendant filed a motion for new counsel, which the trial court denied. Defendant also filed, then withdrew, a motion to disclose the identity of a confidential informant. Defendant also filed a motion to suppress evidence pursuant to section 1538.5, which the trial court denied.

---

[1] Further undesignated statutory references are to the Penal Code.

After the trial court denied his motion to suppress evidence, defendant filed a motion to strike his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The court granted defendant's motion. Defendant then entered into a plea agreement with the prosecution and pleaded no contest to being a felon in possession of a firearm. In exchange for his plea, the remaining charges were dismissed, some with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, and the court suspended imposition of sentence, placing defendant on a five-year term of formal probation. The court also ordered defendant to pay various fines and fees.

Defendant appeals without a certificate of probable cause. As described above, we initially remanded the matter to allow the trial court and the People the opportunity to withdraw from the plea agreement. After this case was returned to us with directions by the Supreme Court, neither party filed a supplemental brief.

## DISCUSSION

### I

### *Motion to Suppress*

Defendant contends the magistrate erred in denying his motion to suppress because the warrant to search his home was purportedly obtained without probable cause. The People contend this claim is barred because defendant failed to renew his motion before the trial court. We agree with the People.

If a defendant has pleaded guilty or no contest, to preserve a challenge to a magistrate's denial of a section 1538.5 motion, the defendant must first renew the motion in the superior court. (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896.)

In *Lilienthal*, the defendant moved to suppress evidence at his preliminary examination that was obtained from a traffic stop following a warrantless search by the police. (*People v. Lilienthal, supra*, 22 Cal.3d at p. 895.) Following the denial of his suppression motion, the defendant pleaded guilty to one drug offense, the remaining charges were dismissed, and the court sentenced the defendant to probation. (*Ibid.*) The

3

defendant appealed from his judgment of conviction and sought review on his search and seizure motion only. (*Ibid.*) The *Lilienthal* court held that a defendant does not satisfy the requirements of section 1538.5 by moving to suppress evidence before a magistrate, because "it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention." (*Lilienthal,* at p. 896.) As this court has explained, " '[m]agistrates presiding at preliminary hearings do not sit as judges of courts, and exercise none of the powers of judges in court proceedings.' " (*People v. Richardson* (2007) 156 Cal.App.4th 574, 584.) "Only if the defendant raised the search and seizure issue *in the superior court*—i.e., at some point *after* the preliminary proceedings before the magistrate—could the defendant be deemed to have raised that issue 'at some stage of the proceedings prior to conviction' as required for appellate review of the issue under section 1538.5[, subd.] (m)." (*Id.* at pp. 584-585.) The requirement to make the motion in the superior court after it has been denied by a magistrate is well settled. (*People v. Garrido* (2005) 127 Cal.App.4th 359, 364; *People v. Hoffman* (2001) 88 Cal.App.4th 1, 3; *People v. Hart* (1999) 74 Cal.App.4th 479, 485.)

Here, defendant entered into a plea agreement without advancing beyond the "preliminary proceedings before the magistrate." (See *People v. Richardson*, *supra*, 156 Cal.App.4th at p. 584.) Thus, we conclude *Lilienthal* applies, and defendant forfeited his right to appellate review of the denial of his motion to suppress when he did not renew that motion in the superior court.

II

*Assembly Bill No. 1950*

While this appeal was pending, Assembly Bill No. 1950 went into effect. The new law changed the permissible length of probation under section 1203.1 for felony offenses to a maximum of two years, with the exception of certain offenses not applicable here. (§ 1203.1, subd. (m).) Accordingly, defendant contends and the People agree, Assembly Bill No. 1950 applies retroactively to defendant. (See *In re Estrada* (1965)

4

63 Cal.2d 740, 748; *People v. Sims* (2021) 59 Cal.App.5th 943, 955-964; *People v. Quinn* (2021) 59 Cal.App.5th 874, 879-885.)  However, the parties disagree on the remedy.

Defendant asks this court to reduce his term of probation to two years.  Relying on the remedy explained in *People v. Stamps* (2020) 9 Cal.5th 685, the People seek remand and the opportunity to void the plea agreement, so "the parties are returned to status quo *ante* and [defendant's] prosecution reinstated."  (See *Stamps,* at p. 692.)  After another panel of this court agreed with the People's argument and remanded the case, our Supreme Court decided *People v. Prudholme*, *supra*, 14 Cal.5th 961, and concluded that Assembly Bill No. 1950 applies retroactively to "existing, nonfinal plea agreements." (*Prudholme,* at p. 979.)  The *Stamps* remand procedure does not apply, and the proper remedy is "to modify the probationary term to conform with the new law while maintaining the remainder of the plea agreement."  (*Prudholme,* at p. 963.)  Accordingly, defendant's term of probation must be reduced to two years without remand.  We modify the judgment to do so.

## DISPOSITION

The judgment is modified to reduce the length of the probation term to two years. As modified, the judgment is affirmed.

/s/
Duarte, J.

We concur:


/s/
Mauro, Acting P. J.


/s/
Wiseman, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.